IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MICHEAL WILLIAMS, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL CASE NO. 3:17-CV-2126-L-BK |
| | § | |
| CITY OF FRISCO, et al., | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order* 3, this case was automatically referred to the United States magistrate judge. Upon review of the relevant pleadings and applicable law, and for the reasons that follow, it is recommended that the case be **DISMISSED WITHOUT PREJUDICE** as duplicative of a pending case.

On August 11, 2017, Plaintiff, a *pro se* litigant, filed his complaint and a motion to proceed *in forma pauperis*. Doc. 3; Doc. 5. He claims civil rights violations stemming from an allegedly false arrest in Frisco, Texas. Doc. 3 at 10-11. Plaintiff also asserts claims for defamation, conspiracy, RICO violation, intentional infliction of emotional distress, mental anguish, and negligence. Doc. 3 at 13-19. His claims, however, are duplicative of those he is presently pursuing in case number 3:17-CV-2124-B.[1] Consequently, this case should be **DISMISSED WITHOUT PREJUDICE** as duplicative. *See Pittman v. Moore*, 980 F.2d 994, 994-95 (5th Cir. 1993) (an *in forma pauperis* complaint is frivolous when it "duplicates allegations of another pending federal lawsuit by the same plaintiff," thus courts should

---

[1] The state court petition in 3:17-CV-2124-B, a removal case, is identical to the complaint in this case. Civ. Doc. 1-1 at 11.

ensure "that the plaintiff obtains one bite at the litigation apple-but not more").

**SO RECOMMENDED** on August 29, 2017.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute,* 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE